MARY LOU GILBERT, TRUSTEE OF THE CAUSE OF ACTION ARISING OUT OF THE DEATH OF GARY GILBERT, v. STEVEN MARK BRINDLE, REPRESENTATIVE OF THE ESTATE OF CHESTER LYLE BRINDLE.
RANDALL GILBERT, THIRD-PARTY DEFENDANT.

237 N. W. 2d 83.

December 26, 1975—No. 45346.

F. Martin Senn, for appellant.
Roehrdanz, Bigelow & Chamberlain, George M. Roehrdanz, Baudler & Baudler, and Lawrence E. Maus, for respondent plaintiff.

570

Heard before Rogosheske, Yetka, and Amdahl, JJ., and considered and decided by the court en banc.

PER CURIAM.

In this death-by-wrongful-act action, the trustee for the surviving widow and two infant children of Gary Gilbert, deceased, was awarded damages of $112,500. The jury by special verdict apportioned causal negligence, and thus liability, 30 percent against the Chester Brindle estate and 70 percent against Randall Gilbert. The representative of the Brindle estate appeals from the trial court's post-trial order denying the estate's alternative motion for judgment notwithstanding the verdict or a new trial. In doing so, the trial court rejected the estate's claim that the evidence was insufficient to support the jury's finding of negligence against decedent, Chester Brindle, and approved the jury's determination. Our consideration of the estate's arguments and a careful reading of the record compels affirmance.

The action arose out of a July 18, 1972, two-automobile, daytime collision at the wide-open intersection in rural Mower County where the east-west County Road No. 3 intersects with the north-south County Road No. 7, a through highway. The collision occurred within the intersection between a vehicle operated by Randall Gilbert, which was proceeding west on County Road No. 3, and another operated by Chester Brindle, which was proceeding south on County Road No. 7. It resulted in the death of Gary Gilbert, a front seat passenger in the Gilbert vehicle; the death of Chester Brindle and his wife; and amnesia with respect to the accident to Randall Gilbert and two back seat passengers in his vehicle, the only survivors of the collision. Thus, except for the physical evidence, all evidence relevant to the issue of liability is circumstantial. The trial court, over the objection of the Brindle estate, submitted to the jury fact issues as to whether decedent Brindle could be found causally negligent with respect to speed, lookout, and control.

Our review is governed by two principal rules: (1) We view the evidence most favorably to sustain the jury's verdict and, in doing so, uphold its findings if it is possible to do so on any reasonable theory of the evidence, Carpenter v. Mattison, 300 Minn. 273, 219 N. W. 2d 625 (1974); and (2) if evidentiary support as to any one of the theories submitted is lacking, a new trial is required, Peterson v. Rodekuhr, 274 Minn. 204, 143 N. W. 2d 226 (1966). We have examined the record and agree with the trial court that reasonable inferences of negligence, on any of the several theories of liability submitted to the jury, could be drawn from the circumstantial evidence—a conclusion justifying both the trial court's submission of those theories and the jury's finding of

negligence. We also agree that such evidentiary support overcomes the estate's argumentative assertion that the negligence of Randall Gilbert was the sole cause of the accident.[1]

Affirmed.

---

[1] The estate also claims the trial court erred in permitting an investigating officer to give his opinion as to the point of impact. We conclude, however, that no prejudice resulted since the issue was not in controversy.