**Medric C. GODBOUT, Appellant,**

v.

**John V. NORTON, Respondent.**

**No. 47108.**

Supreme Court of Minnesota.

Dec. 2, 1977.

Rehearing Denied Feb. 16, 1978.

Sherman Bergstein, Minneapolis, for appellant.

Joyce & McHaffie and Paul A. Joyce, Jr., St. Paul, for respondent.

ROGOSHESKE, Justice.

After an adverse jury verdict in a 1972 personal injury suit, plaintiff sued the attorney who represented him in the 1972 action for legal malpractice. Plaintiff presented his case against defendant pro se to the trial court and a jury. At the close of plaintiff's case in chief, the trial court granted defendant's motion to dismiss, finding plaintiff's evidence insufficient as a matter of law to establish malpractice liability. Thereafter represented by counsel, plaintiff moved for a new trial and now appeals from dismissal of the action and the order denying a new trial. Upon the record presented and the rules governing appellate review, we are compelled to affirm.

In 1970, plaintiff, a flight instructor, was seriously injured when a twin-engine airplane which he was piloting crashed during a training flight. Defendant represented plaintiff in a suit against Beech Aircraft Corporation, the manufacturer of the airplane. After trial in Federal district court in 1972, the jury found for the manufactur-

er. Post-trial motions were denied by the Federal court and no appeal was taken. Thereafter, plaintiff commenced this action against defendant. His complaint alleged that defendant was negligent in the preparation and presentation of his suit against the manufacturer, in failing to keep plaintiff informed of the proceedings, and in failing to heed plaintiff's "warnings and instructions" of how to present the technical proof of his claim of a latent defect in the airplane.

Plaintiff elected to appear pro se, despite the fact that at numerous pretrial hearings and conferences, the trial judge repeatedly urged plaintiff to employ counsel, delayed the trial to enable him to do so, and discussed at "some length" the necessity of expert legal testimony, admonishing plaintiff "that this was the type of law suit that normally required expert testimony."[1] The trial judge denied defendant's pretrial motion to dismiss, enabling plaintiff to present his case to judge and jury during 5 or 6 days of trial. He presented no expert legal testimony and did not call defendant for cross-examination. At the close of plaintiff's case in chief, the trial court granted defendant's motion to dismiss. Explaining his ruling to the jury, the trial judge stated the elements required to prove legal malpractice, citing *Christy v. Saliterman*, 288 Minn. 144, 179 N.W.2d 288 (1970). He found plaintiff's evidence insufficient to justify submitting to the jury the questions of (1) whether defendant's acts constituted negligence; and (2) whether, but for defendant's negligence, plaintiff would have had a recoverable action against the airplane manufacturer. As to the first question, the trial judge specifically found plaintiff's evidence deficient in failing to present expert testimony of a lawyer to establish that defendant's handling of the personal injury action deviated from professional standards.

On this appeal, plaintiff seeks a new trial upon two claimed trial errors: (1) Requiring expert legal testimony to establish defendant's negligence and (2) failing to advise plaintiff, appearing pro se, of his right, under Rule 43.02, Rules of Civil Procedure, to call and cross-examine defendant during plaintiff's case in chief.

In *Christy v. Saliterman*, 288 Minn. 144, 150, 179 N.W.2d 288, 293, a legal malpractice case which also in effect presented two actions in one, we stated:

"* * * In an action against an attorney for negligence or breach of contract, the client has the burden of proving [1] the existence of the relationship of attorney and client; [2] the acts constituting the alleged negligence or breach of contract; [3] that it was the proximate cause of the damage; and [4] that but for such negligence or breach of contract the client would have been successful in the prosecution or defense of the action."

A failure of proof as to any one of the enumerated elements defeats recovery. The trial judge specifically based dismissal upon plaintiff's failure to prove both the second and fourth elements. Plaintiff challenges only the ruling as to the second element and does not challenge the ruling concerning the deficiency of his proof of a recoverable action against the airplane manufacturer. Further, he did not furnish a trial transcript as part of the record submitted for review. Even if plaintiff were to claim sufficient proof as to the second element, it is obvious, as we have repeatedly held, that a reviewing court cannot consider a sufficiency-of-evidence issue unless provided with a trial transcript. *Custom Farm Services, Inc. v. Collins*, 306 Minn. 571, 238 N.W.2d 608 (1976); *Noltimier v. Noltimier*, 280 Minn. 28, 157 N.W.2d 530 (1968). We thus have no choice but to affirm the trial court's dismissal.

The issues sought to be raised require no decision on this appeal, and it might also be observed that they too necessarily would require a reading of the trial transcript. Without a transcript we would have no way of determining whether plaintiff's proof of legal malpractice could be sufficient absent expert testimony, or whether plaintiff ap-

---

1. There is nothing in the record submitted supporting plaintiff's assertion that he "was unable to secure counsel to represent him."

pearing pro se did or did not receive adequate advice from the trial judge.

Affirmed.