**Rosemary LYONS, Appellant,**

v.

**SCNEI, INC. (ZAYRE SHOPPER'S CITY), Respondent.**

**No. 47280.**

Supreme Court of Minnesota.

Jan. 27, 1978.

Rerat Law Firm and Marlon O. Haugen, Minneapolis, for appellant.

Lasley, Gaughan, Reid & Stich and Robert T. Stich, Minneapolis, for respondent.

Heard before YETKA, SCOTT and IVERSON, JJ., and considered and decided by the court en banc.

PER CURIAM.

This is an appeal from an order denying plaintiff's motion for judgment notwithstanding the verdict or a new trial and from a judgment in favor of defendant. We affirm.

Plaintiff brought an action alleging that defendant was negligent in placing a portable clothing rack in the aisle of defendant's store, which caused plaintiff to trip and fall over the leg of the rack. The matter was tried before a Hennepin County District

Court jury. The jury returned a special verdict, finding the defendant's employees negligent but that such negligence was not the cause of the accident. The jury also found that plaintiff was not negligent and that she suffered $5,000 damages. Plaintiff moved for judgment notwithstanding the verdict and in the alternative for a new trial. This motion was denied and judgment was entered in favor of defendant and against plaintiff.

On March 8, 1972, plaintiff, Rosemary Lyons, entered defendant's store, known as Shopper's City, at 43rd and Central Avenue N.E., Minneapolis, Minnesota, for the purpose of returning a garment she previously had purchased. An employee of defendant directed her to return the article to the clothing rack where similar items were displayed. While attempting to enter the area where the appropriate rack was located, plaintiff tripped with her right foot on an "obstruction," fell to the floor, and thereby sustained injury to her arm and shoulder.

Prior to falling, plaintiff did not see any obstruction in her path and therefore did not know the exact cause of her fall.[1] On the basis of her observation of the area while lying on the floor after the fall, plaintiff testified that she tripped with her right foot on a steel bar which was approximately 5 or 6 inches above the floor. She did not observe the bar too closely and did not know whether the bar was attached to anything, but thought it might have been connected from one of the permanent clothing racks to another.

An employee of the store testified that a portable clothing rack which had a pipe 5 to 6 inches off the floor was "a couple of feet away" from the feet of the plaintiff as she lay on the floor. Photographs introduced at trial established that permanent clothing racks were also located in the same area. The legs of the permanent racks ran at an angle from the floor on two sides of the rack.

The case was tried on the theory that the defendant store was negligent in leaving the portable rack in a walkway. Negligence in maintaining the permanent racks was not alleged.

The sole issue on appeal is whether plaintiff is entitled to judgment notwithstanding the verdict or a new trial.

■ Plaintiff contends that the trial court erred in refusing to grant judgment notwithstanding the verdict or, in the alternative, a new trial on the ground that the jury's finding of negligence on the part of the defendant cannot be reconciled with its finding that defendant's negligence was not the direct cause of the accident. Plaintiff, however, had the burden of proving that the injury resulted from the negligence of the defendant rather than some other cause. *Ericksen v. Wilson*, 266 Minn. 401, 123 N.W.2d 687 (1963). Proof of negligence does not automatically establish that such negligence was the cause of the injury. Negligence and causation are discrete elements of the tort and both elements must be pleaded and proved. See, *Vanderweyst v. Langford*, 303 Minn. 575, 228 N.W.2d 271 (1975). As will be shown, the record amply supports the trial court's statement that the jury could find both that the defendant was negligent in leaving the portable rack in the aisle and that the plaintiff did not trip over it.

■ Plaintiff's entire argument is based on the premise that the record shows that nothing other than the negligent placement of the portable rack was the cause of the accident. In reviewing the evidence in this case, this court is guided by the following principles: Proximate cause is a question of fact which normally must be left to the jury, and causation becomes a question of law only where different minds can reasonably arrive at only one result. *Pluwak v. Lindberg*, 268 Minn. 524, 528, 130 N.W.2d 134, 138 (1964). In reviewing a jury verdict, this court considers the evidence in a light most favorable to the prevailing party. *Kuehl v. National Tea Co.*, Minn., 245

---

1. The plaintiff stated several times that prior to the fall she did not see what she tripped over. At other times she referred to the bar "I tripped over." But this latter testimony is merely a conclusion on her part based upon her post-fall observations.

N.W.2d 235, 237 (1976). Furthermore, this court will uphold a jury verdict if it is supported by any reasonable theory of the evidence. *Gilbert v. Brindle*, 306 Minn. 569, 570, 237 N.W.2d 83, 84 (1975).

In the present case, there was evidence that the plaintiff fell in an area where not only the portable rack was located but also the legs of a permanent rack. Notwithstanding plaintiff's testimony based on her observations after the fall, that she thought she tripped on a horizontal bar, the jury was free to conclude that plaintiff tripped on the leg of the permanent rack and not on the portable rack. It was not alleged or argued at trial that the permanent rack was negligently placed or maintained by the defendant.

In addition, the record is not entirely clear as to the precise path walked by the plaintiff prior to the fall. But the jury could infer from the photographs introduced by plaintiff that the plaintiff was entering the aisle with the portable rack to her left and the permanent rack to her right. Since the plaintiff testified that she tripped with her right foot, the jury could have concluded that the cause of the fall was attributable to the permanent rack rather than the portable rack.

In this case, where direct evidence regarding the cause of the fall was absent, the jury was free to draw one of two inferences from the circumstantial evidence—either that the portable rack was the cause of the injury or that the permanent rack was the cause of the injury.[2] The jury obviously chose the latter theory. From the standpoint of the time taken for deliberation, the jury apparently considered this matter thoroughly. The trial court, therefore, properly allowed the jury's finding on the issue of causation to stand and did not err in denying plaintiff's motion for judgment notwithstanding the verdict or for a new trial.

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.

---

2. The trial court in its memorandum stated that "[o]ther possibilities are that she tripped over an unknown object or that she tripped over no object at all."