**Quentin E. PAOLETTI, Respondent,**

v.

**NORTHWESTERN BELL TELEPHONE COMPANY, Appellant.**

No. C4–84–1953.

Court of Appeals of Minnesota.

July 2, 1985.

Review Denied Sept. 26, 1985.

Robert H. Magie, III, Duluth, J. Dennis O'Brien, Minneapolis, for respondent.

Patrick J. Roche, Jr., Virginia, Dale E. Beihoffer, Minneapolis, for appellant.

Heard, considered and decided by SEDGWICK, P.J., and WOZNIAK and RANDALL, JJ.

## OPINION

SEDGWICK, Presiding Judge

This appeal is from a judgment in a wrongful employment discharge action, and the denial of a motion for a new trial or judgment notwithstanding the verdict. Appellants claim that before respondent-employee may pursue a claim against his employer for violation of a collective bargaining agreement he must first prove his union breached its duty of fair representation by electing not to submit his wrongful discharge grievance to arbitration. We reverse.

## FACTS

Respondent Quentin Paoletti was employed by appellant Northwestern Bell Telephone Company as a cable technician for more than ten years. He was also a member of the Communications Workers of America and included under the union's collective bargaining agreement with appellant. In the fall of 1980 appellant told him that he would be temporarily assigned from his normal workplace in Virginia to a job site in St. Cloud for approximately seven months. Although not specifically mentioned in respondent's union contract, the procedure used for temporary relocation evolved through past custom and practice and was familiar to all employees. Volunteers for the temporary positions are first solicited. If there are not enough volunteers to fill the company's needs, employees are designated for reassignment in inverse order of seniority. On the basis of seniority, respondent was selected and told to report to the St. Cloud job site on September 15, 1980.

On September 10, 1980, respondent wrote a letter to his immediate supervisor refusing the temporary assignment because of family commitments. In the letter he cited to provisions of the union contract he felt supported his decision. Respondent's supervisor disagreed with his interpretation of the contract and told him that he was still obligated to report to St. Cloud on the assigned date.

On September 15, 1980 respondent reported to work at Virginia rather than St. Cloud. His supervisor informed him there was no work for him in Virginia.

The following week respondent filed a grievance with his union. In accord with the union contract the grievance was heard at the local level in Virginia, the area level in Duluth and the general level in Minneapolis. After receiving unfavorable results at each of the three levels, respondent, through his local union representative, requested arbitration of the matter. The union contract provides that "the grievance shall be considered closed" if it is not submitted for arbitration after disposition at the general level.[1] The union carefully

---

1. Section 232.4 of the collective bargaining agreement between CWA, respondent's union, and appellant Northwestern Bell provides in pertinent part:

Within fourteen days after receipt of the Company's final disposition of a claim that the Company has disciplined an employee without just cause, the Union will furnish the Company in writing with the Union's accept-

considered whether to pursue arbitration of respondent's grievance. It decided not to appeal his claim any further.

In 1981 respondent brought this action against appellant. In 1984, following trial, the jury found that respondent had been terminated by appellant without just cause. Damages of $63,338 were awarded.

### ISSUE

Did the trial court err by not dismissing respondent's claim for failure to show his union breached its duty of fair representation by not submitting his claim to arbitration?

### ANALYSIS

Shortly before trial appellant moved to amend and/or dismiss its pleadings to include the affirmative defense of failure by respondent to exhaust his contractual remedies. Although styled a motion to amend, the primary issue raised was whether the trial court lacked subject matter jurisdiction. Appellant argued that before respondent can pursue his claim against his employer, he must first prove the union breached its duty of fair representation by declining to submit his grievance to arbitration.

The trial court denied appellant's motion on the grounds that it had waived its rights to demand arbitration under the collective bargaining agreement by actively participating in the case for nearly twenty months and that allowing an amendment to the pleadings at such a late date would be prejudicial to respondent. In support of its decision the court cited three cases, *Anderson v. Twin City Rapid Transit Co.*, 250 Minn. 167, 84 N.W.2d 593 (1957); *Bautch v. Red Owl Stores, Inc.*, 278 N.W.2d 328 (Minn.1979); and *Reid Burton Construction, Inc. v. Carpenters District Council*, 614 F.2d 698 (10th Cir.1980), *cert. denied* 449 U.S. 824, 101 S.Ct. 85, 66 L.Ed.2d 27 (1980), all holding that arbitral rights can be waived.

The cited cases are inapplicable for several reasons. First, in those cases the employer was seeking to have the wrongful discharge claims heard before an arbitrator instead of the court. In each case the court refused to allow the untimely forum switch because both parties had substantially invoked the litigation process. Here appellant does not seek to substitute an arbitrator as the decision-maker on the merits. Rather, it claims employee's right to maintain his action in court is predicated solely on a showing of improper conduct by his union. Second, there was no use of the grievance procedures in any of the cited cases. Plaintiff-employees sought to bypass the grievance procedures contained in their collective bargaining agreements by immediately filing an action in court. Here, respondent did not attempt immediate action against his employer. He made full use of the grievance procedures set forth in his union contract before commencing suit.

■ Respondent must first establish as an essential element of his claim against the employer that his union acted improperly in deciding not to appeal his grievance to arbitration. Because respondent's claim is a suit for violation of the collective bargaining agreement it is governed by § 301 of the Labor Management Relations Act and federal labor law is applicable. *Textile Workers v. Lincoln Mills*, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957). Although state courts have concurrent jurisdiction to her such claims, *Charles Dowd Box Co. v. Courtney*, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962), they must apply federal law. Here respondent failed to plead the federal question in his complaint but rather based his claim on a simple breach of contract. Although pleaded as a state law claim, it is nevertheless preempted by federal labor law. *See Avco Corp. v. Aero Lodge No. 735, Int'l. Assn. of Machinists,*

ance or rejection, or the designated representative of the Vice President of District 7 will furnish the Company in writing with the Un-

ion's notice of intent to arbitrate. Otherwise the grievance shall be considered closed.

390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968).

A union's good faith decision not to pursue an employee's grievance to arbitration is final and binding on the employee. *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). In *Vaca*, the union which had the "sole power under the contract to invoke the higher stages of the grievance procedure," had chosen not to take the employee's claim to arbitration. *See* 386 U.S. at 185, 87 S.Ct. at 914. The issue presented was whether employee had a further right to vindicate his claim. The court stated:

> [W]e think the wrongfully discharged employee may bring an action against his employer in the face of a defense based upon the failure to exhaust contractual remedies *provided the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance.*

*Id.* at 185, 87 S.Ct. at 914 (emphasis added).

An important policy reason for requiring this threshhold proof is to maintain the integrity of the grievance and arbitration process included as part of the negotiated agreement between the union and employer. *Id.* at 191–192, 87 S.Ct. at 917–918.

Respondent contends that breach of the duty of fair representation is a separate claim against the union unrelated to the present action against his employer. To the contrary, pleadings and proof of a breach of the union's duty of fair representation is, with limited exceptions, a jurisdictional prerequisite to an employee's claim against his employer. As stated by the court in *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 66–67, 101 S.Ct. 1559, 1566, 67 L.Ed.2d 732 (1981) (Justice Stewart, concurring):

> * * * the respondent here has two claims, each with its own discrete jurisdictional base. The contract claim against the employer is based on 301, but the duty of fair representation is derived from the NLRA. Yet the two claims are inextricably interdependent * * * [a] plaintiff must prevail upon his unfair representation claim before he may even litigate the merits of his 301 claim against the employer.

Although it is certainly wise to join both the employer and union at commencement of suit, failure by respondent to do so does not by itself endanger his claim. Respondent may, if he chooses, sue one defendant and not the other. However, the jurisdictional hurdle he must clear is the same, whether he sues one, the other, or both. *See Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476.

Respondent mistakenly includes waiver of arbitration as a recognized exception to the finality rule of grievance proceedings. In *Vaca*, the Court identified only two exceptions, (1) when the conduct of the employer amounts to a repudiation of those contractual procedures, and (2) where the employee plaintiff has been prevented from exhausting his contractual remedies by the union's *wrongful* refusal to process the grievance. 386 U.S. at 185, 87 S.Ct. at 914.

Here respondent's grievance was processed through three levels of the contract grievance procedure. Under *Vaca*, he is bound by the final disposition of his grievance and the decision by his union not to process his claim to arbitration unless respondent proves his union's decision not to arbitrate was done in bad faith.

### DECISION

Respondent's failure to plead and prove that his union breached its duty of fair representation forecloses the action brought by him against his employer for violation of the collective bargaining agreement. Reversed.