**Quentin E. PAOLETTI, Appellant,**

v.

**A.J. ZLIMEN, Respondent.**

**No. C8–86–1314.**

Court of Appeals of Minnesota.

Dec. 9, 1986.

Review Denied Feb. 13, 1987.

Robert H. Magie, III, Donovan, McCarthy, Crassweller & Magie, Duluth, J. Dennis O'Brien, Minneapolis, for appellant.

Rebecca Egge Moos, Charles E. Lundberg, Bassford, Heckt, Lockhart & Mullin, P.A., Minneapolis, for respondent.

Heard, considered and decided by POPOVICH, C.J., and WOZNIAK and FORSBERG, JJ.

### OPINION

POPOVICH, Chief Judge.

This appeal is from a summary judgment on a legal malpractice claim alleging re-

spondent's negligence in failing to advise appellant of the statute of limitations applicable to the underlying wrongful discharge claim. Appellant claims the trial court erred in granting summary judgment because he established a prima facie case of legal malpractice, showing respondent's alleged negligence prevented appellant from properly litigating his underlying suit. We affirm.

## FACTS

Appellant Quentin E. Paoletti was discharged from his employment with Northwestern Bell Telephone Company on September 15, 1980. Maintaining he was wrongfully discharged, appellant requested his union file a grievance under the collective bargaining agreement. The grievance was heard and denied at three hearing levels. The union refused appellant's request to submit the matter to arbitration and the discharge grievance file was closed on January 7, 1981.

Appellant then contacted respondent attorney A.J. Zlimen regarding the possibility of bringing suit against his employer. On June 5, 1981, respondent wrote a detailed letter to appellant recommending against proceeding with a claim against appellant's employer. Respondent also indicated he would not be able to represent appellant in his claim and specifically advised appellant to contact another attorney within 30 days if he wished to pursue the matter.

On September 9, 1981, appellant commenced a pro se action against Northwestern Bell. After obtaining counsel, he served an amended complaint in September 1982. In May 1984, the matter came to trial before a jury which determined appellant was discharged from his employment without cause. The jury awarded damages of $63,338. The judgment was appealed and this court reversed on the sole ground appellant failed to initially plead and prove union breach of duty before commencing action against his employer. *Paoletti v. Northwestern Bell Telephone Co.*, 370 N.W.2d 672 (Minn.Ct.App.1985), *pet. for rev. denied*, (Minn. Sept. 26, 1985).

In September 1985, appellant commenced this legal malpractice action, alleging respondent was negligent in not advising him of the statute of limitations applicable to claims against his employer and union. Appellant alleges the limitation period expired in April 1981. The statute of limitations, however, was not raised as a defense by Northwestern Bell in the underlying action.

The trial court determined the statute of limitations applicable to the union claim had not expired and respondent was not negligent. In addition, the court concluded appellant failed to prove "but for" respondent's alleged negligence appellant would have been successful in the underlying action against both the union and employer. Since the facts were undisputed and appellant failed to prove causation essential to a prima facie showing of legal malpractice, the court granted respondent's motion for summary judgment.

## ISSUE

Did the trial court err in granting summary judgment?

## ANALYSIS

In reviewing the entry of summary judgment, this court must determine whether there are genuine issues of material fact to be litigated, and whether the trial court erred in applying the law. Minn.R.Civ.P. 56.03. This court must view the evidence in the light most favorable to the party against whom the motion for summary judgment was granted. *Carney v. Central Life Assurance Co.*, 366 N.W.2d 351, 353 (Minn.Ct.App.1985).

To establish a claim of legal malpractice under Minnesota law, four elements must be shown: (1) the existence of an attorney-client relationship; (2) acts constituting negligence; (3) the negligent act was the proximate cause of the alleged damage; and (4) but for such negligence the client would have been successful in the prosecution or defense of the action. *Togstad v. Vesely, Otto, Miller & Keefe,*

291 N.W.2d 686, 692 (Minn.1980) (per curiam); *Christy v. Saliterman*, 288 Minn. 144, 150, 179 N.W.2d 288, 293–94 (1970). A failure of proof on any one element defeats recovery. *Godbout v. Norton*, 262 N.W.2d 374, 376 (Minn.1977), *cert. denied*, 437 U.S. 901, 98 S.Ct. 3086, 57 L.Ed.2d 1131 (1978).

In his complaint, appellant originally claimed legal malpractice regarding his claims against both the employer and union. Appellant has since abandoned his intention to sue his union. In his affidavit submitted in opposition to the motion for summary judgment, appellant stated "he would never sue a Union because he believes he would be branded as an undesirable Union member." The trial court listed this abandoned intention as an additional ground for granting summary judgment on the malpractice action regarding the underlying union claim.

Appellant continues to claim respondent's alleged negligence prevented him from properly litigating the underlying action against his employer. Appellant claims respondent was negligent because he failed to advise appellant of the statute of limitations applicable to his action under section 301 of the Labor Management Relations Act, 29 U.S.C.A. § 185 (West 1978). He alleges the limitations period expired in April 1981, during the interim period between his initial contact with respondent in January 1981 and respondent's letter dated June 5, 1981.

Under the law in effect in Minnesota when appellant first contacted respondent, claims against both unions and employers arising out of breach of the employment contract were governed by the six-year Minnesota statute of limitations applicable to contracts. *Buchholtz v. Swift & Company*, 62 F.R.D. 581, 604 (D.Minn.1973); *see Butler v. Local Union 823*, 514 F.2d 442, 448 (8th Cir.), *cert. denied*, 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975) (same state statute of limitations applies to claims against both unions and employers).

In April 1981, the United States Supreme Court in *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732, applied a 90–day New York statute of limitation to claims against a union and employer. The employee there sought review of an arbitration award and the Court applied the 90–day limitation to vacate the arbitration award. The Court reasoned the action was more analogous to a suit to vacate an arbitration award than to a breach of contract action. *Id.* at 62, 101 S.Ct. at 1563. Further, the shorter limitation avoided suspending the arbitration process in limbo for long periods. *Id.* at 64, 101 S.Ct. at 1564.

*Mitchell* was first interpreted in this jurisdiction in February 1982. In *Talley v. United States Postal Service*, 532 F.Supp. 786 (D.Minn.1982), the federal district court upheld application of the Minnesota 90–day limitation, Minn.Stat. § 572.19, subd. 2. Because the rule could not reasonably have been anticipated, the court applied the shorter limitation prospectively:

> Thus the pertinent factor to be considered is whether the rule of the *Mitchell* case is one which might have been anticipated. This Court concludes it is not and therefore *Mitchell* will not be applied to this case. In the future, as *Mitchell* requires, when the action is commenced after an unfavorable arbitral decision, we shall treat suits against a union for a breach of the duty of fair representation and against an employer for a breach of a collective bargaining agreement under this type of limitations statute.

*Id.* at 790.

The statute of limitations for claims against both unions and employers was finally settled by the United States Supreme Court in *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The Court held the six-month limitation period for unfair labor practices under 10(b) of the National Labor Relations Act, 29 U.S.C.A. § 160(b), governs claims against both employers and unions. The Court reasoned the six-month limitation better accommodated the interests involved and pro-

vided uniformity. *Id.* at 161–73, 103 S.Ct. at 2289–95.

Appellant claims respondent was negligent in failing to advise him the *Mitchell* decision barred his claim in April 1981. Respondent's alleged negligence here is speculative. The shorter statute of limitation issue was not raised in this jurisdiction until 1982, and then applied prospectively. Further, both *Mitchell* and *Talley* involved review of arbitration awards not present here since the grievance procedure closed before arbitration.

The trial court granted respondent's summary judgment motion not for failure to prove negligence, but because appellant failed to prove the negligence caused him to lose his claim against his employer. We agree. The statute of limitations defense was not pleaded and therefore waived. *See Christenson v. Argonaut Insurance Companies*, 380 N.W.2d 515, 519 (Minn.Ct.App. 1986), *pet. for rev. denied* (March 27, 1986) (statute of limitations as an affirmative defense is waived if not pleaded); Minn.R. Civ.P. 8.03. Appellant lost his claim against his employer not because the statute of limitations barred his claim, but because he failed to

> first establish as an essential element of his claim against the employer that his union acted improperly in deciding not to appeal his grievance to arbitration.

*Paoletti*, 370 N.W.2d at 674.

Appellant therefore cannot show respondent's alleged negligence caused the loss of his case against his employer. *See Blue Water Corp. v. O'Toole*, 336 N.W.2d 279, 281–82 (Minn.1983) (legal malpractice plaintiff must establish he would have prevailed "but for" the attorney's negligence).

Appellant further attempts to avoid this conclusion by arguing the claim against his employer lost in this court in 1985 was a "straightforward breach of contract suit," not the same "Sec. 301 fair representation claim" he now contends is barred by the statute of limitations. Although pleaded as a breach of contract under state law, this court in 1985 stated appellant's claim "is nevertheless preempted by federal labor law." *Paoletti*, 370 N.W.2d at 674. This court further stated "[b]ecause [appellant's] claim is a suit for violation of the collective bargaining agreement it is governed by § 301 of the Labor Management Relations Act." *Id.; see Textile Workers Union v. Lincoln Mills*, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957). Appellant's attempt to distinguish his claim as two separate claims is without merit. *See, e.g., Dollar Travel Agency, Inc. v. Northwest Airlines, Inc.*, 354 N.W.2d 880, 882–83 (Minn.Ct.App.1984) (party may not split cause of action and bring successive suits involving same set of factual circumstances), *pet. for rev. denied* (Minn. Dec. 21, 1984).

Respondent's conduct had nothing to do with the reversal of appellant's verdict by this court in 1985. Since appellant failed to prove causation essential to the legal malpractice claim, the trial court properly granted summary judgment. *See Godbout*, 362 N.W.2d at 376; *Blue Water Corp.*, 336 N.W.2d at 281–82; *Christy*, 288 Minn. at 150, 179 N.W.2d at 293–94.

### DECISION

Where the facts are undisputed and appellant failed to establish a prima facie case of legal malpractice, the trial court did not err in granting summary judgment.

Affirmed.