Frederic A. POPLINSKI, Appellant,

v.

Robert W. GISLASON, et al., Respondents.

No. C7–86–1241.

Court of Appeals of Minnesota.

Dec. 16, 1986.

Review Denied Feb. 18, 1987.

William J. Mavity, Mavity & Ryan, Minneapolis, for appellant.

Donald F. Hunter, R. Stephen Tillitt, Minnetonka, for respondents.

Heard, considered and decided by NIERENGARTEN, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

PARKER, Judge.

This appeal is from a grant of summary judgment in favor of the defendant in a legal malpractice action. We reverse and remand.

## FACTS

On September 2, 1978, appellant Frederic Poplinski was involved in an automobile accident near Moorhead, Minnesota. Poplinski was hospitalized following the accident and, according to his treating physician, suffered a 15 percent permanent partial impairment and a possible fracture of the cervical spine. Poplinski's wife (Linda Sinotte) and Mr. and Mrs. George Kleinschmidt, who were passengers in the automobile driven by Poplinski when the accident occurred, also suffered injuries of various degrees of severity.

In November 1978 Poplinski and the passengers met with respondent attorney Robert Gislason to discuss possible legal action against the other driver in the accident. Gislason claims he did not agree to represent Poplinski at that meeting, but for the purposes of this appeal has conceded the existence of an attorney-client relationship between Poplinski and himself. Shortly after November 1978, Poplinski and Sinotte were divorced. Poplinski and Gislason had no further contact until 1982.

In April 1980 Gislason commenced a personal injury lawsuit against the other driver on behalf of Sinotte and Mrs. Kleinschmidt only. The case was tried in district court, and the plaintiffs were awarded a total of $94,200, exhausting all but $5,800 of the other driver's $100,000 insurance coverage.

Gislason did not include Poplinski as a plaintiff in the lawsuit or notify him that the action had been commenced. Poplinski learned of the lawsuit for the first time in 1982, after the trial and distribution of the coverage, at which time he arranged to meet with Gislason. At their meeting Gislason declined to represent Poplinski and claimed he had never previously agreed to represent him. Gislason also sent Poplinski a letter advising him that the statute of limitations on his claim against the other driver had not yet expired.

Poplinski retained another law firm to represent him and recovered the remaining $5,800 from the other driver's insurance coverage. He also collected approximately $11,000 in a settlement from his own insurer based on its alleged failure to offer underinsured motorist coverage. Poplinski apparently did not attempt to recover any damages directly from the other driver. Alleging that he would have collected more had he been included in the passengers' original lawsuit, Poplinski brought suit against Gislason and his law firm, alleging negligence and breach of contract. Gislason moved for summary judgment and, after a hearing was held, his motion was granted.

According to the trial court's memorandum accompanying the summary judgment, the motion was granted because Poplinski failed to establish a prima facie case of legal malpractice; Poplinski failed to show that Gislason was negligent or that his conduct proximately caused damage to Poplinski. Poplinski appeals the summary judgment.

## ISSUE

Did the trial court err in determining that Poplinski failed to establish a prima facie case of legal malpractice and therefore granting Gislason's motion for summary judgment?

## DISCUSSION

When a summary judgment is appealed, this court's function is to determine wheth-

er any genuine issues of material fact exist and whether the trial court erred in its application of the law. *See Grandnorthern, Inc. v. West Mall Partnership,* 359 N.W.2d 41, 44 (Minn.Ct.App.1984). If any doubt exists as to the existence of a genuine issue of material fact, the doubt must be resolved in favor of finding that the fact issue exists. *Rathbun v. W.T. Grant Co.,* 300 Minn. 223, 230, 219 N.W.2d 641, 646 (1974). A summary judgment has been described as a "blunt instrument" to be employed "only where it is perfectly clear that no issue of fact is involved * * *." *Donnay v. Boulware,* 275 Minn. 37, 45, 144 N.W.2d 711, 716 (1966).

In order to establish a prima facie case of legal malpractice, the plaintiff must prove that:

(1) An attorney-client relationship existed between plaintiff and defendant;

(2) Defendant acted negligently or in breach of contract;

(3) Defendant's conduct proximately caused plaintiff's damages; and

(4) But for defendant's conduct, plaintiff would have succeeded in the underlying claim.

*Togstad v. Vesely, Otto, Miller & Keefe,* 291 N.W.2d 686, 692 (Minn.1980) (citing *Christy v. Saliterman,* 288 Minn. 144, 179 N.W.2d 288 (1970)).

The first element is not at issue here, because Gislason conceded the existence of an attorney-client relationship for the purpose of his motion for summary judgment. Similarly, the fourth element has not been addressed by the parties and is not at issue here. Gislason's motion for summary judgment alleged that the second and third elements of *Togstad* were not met, i.e., that Gislason did not act negligently and did not proximately cause Poplinski's damages.

The trial court's negligence analysis had no basis in the pleadings of either party. As seen by the parties, the issue of Gislason's negligence turned on his duty to Poplinski and whether he breached it. Gislason argued that he fulfilled any duty he owed to Poplinski by advising him that the statute of limitations had not yet run, while Poplinski argued that Gislason had an additional duty to notify him upon commencing the lawsuit on behalf of the other clients. Instead of addressing these significant issues, the trial court held only that Gislason was entitled to summary judgment because Poplinski's claimed damages were purely speculative and because Gislason's negligence was not a proximate cause of the client's damages.

The trial court explained its reasoning:

Poplinski's claimed damages were based on an unenforceable right to share in the proceeds of an insurance policy. Poplinski's situation is analogous to a claimant who is beaten to a liability insurance policy by another claimant. Every person injured by an insured may be said to have an inchoate lien upon recovery of a final judgment or settlement against the insured. Before a claimant obtains a judgment the insurer is free to settle with other co-claimants even if the settlement amounts exhaust the policy limits, and the claimant has no right to force a pro rata distribution upon determination of all claims against the policy.

The other three claims against the policy involved in Poplinski's personal injury action together with Poplinski's claim exhaust the policy's $100,000 limit. Even if Poplinski had been included in the original action litigated by Gislason, Poplinski would not have been guaranteed recovery of the full amount of his settlement or judgment. Poplinski's claimed damages are therefore purely speculative.

This analysis is flawed. Poplinski, as the client of an attorney, is not analogous to a claimant who is "beaten to a liability insurance policy." It is true that a claimant has no right to force a pro rata distribution of insurance proceeds unless a claim is reduced to judgment. As a client, however, Poplinski was entitled to expect his interests not to be subject to a preference for another client's interests. Therefore, unlike the claimant situation hypothesized by the trial court, it was not Poplinski's mere failure to act that prevented him from re-

ducing his claim to judgment before the proceeds were virtually exhausted.

Poplinski does not bear the burden of proving in his pleadings that he would have been guaranteed recovery of the full amount of his settlement or judgment. Pleadings need not show specific damages so long as they provide sufficient notice to the opposing party. A medical report in the record stated that Poplinski suffered permanent injuries as a result of the accident. This report created a genuine issue of material fact: whether his potential recovery, had he been included in the original lawsuit, would have exceeded the $16,800 he ultimately received. The weight and credibility of this evidence should have been recognized as a question of fact to be resolved by the jury.

> On a motion for summary judgment, the court is to determine only whether a genuine issue of fact exists; it is not to resolve any factual issue. * * * A motion for summary judgment should be denied if reasonable persons might draw different conclusions from the evidence presented.

*Illinois Farmers Insurance Co. v. Tapemark Co.,* 273 N.W.2d 630, 633 (Minn. 1978).

The amount of the actual loss sustained by the client in a malpractice action is normally considered an issue of fact for the jury. *See* 7A C.J.S. *Attorney & Client* § 272 (1980). One court has held:

> Where it is certain that some damage has resulted, mere uncertainty as to the amount need not preclude the right to recovery. In that event, it is left to the good sense of the jury, as reasonable men, to determine from the evidence the best estimate that can be made under the circumstances of the amount of compensatory damages.

*Hoppe v. Ranzini,* 158 N.J.Super. 158, 166, 385 A.2d 913, 917–18 (1978) (citations omitted). Although it could be argued in this case that it is not "certain that some damage has resulted," the trial court did not find there was no damage; rather, it found the damages were too "speculative."

The trial court also found that Gislason's failure to notify Poplinski of the original lawsuit was not the proximate cause of Poplinski's damages. The court, citing *Togstad,* found no proximate cause, because Gislason advised Poplinski that the statute of limitations had not run, and therefore Poplinski still was able to pursue his claim despite Gislason's conduct. In *Togstad* the defendant attorney failed to pursue the plaintiff's medical malpractice claim, and the issue was whether the plaintiff still might have been able to pursue the claim through another attorney before the statute of limitations expired. The court found sufficient evidence for the jury's conclusion that the statute had indeed run by the time the plaintiff could consult another attorney, and the court therefore found legal malpractice. The court implied, however, that if the statute had not run by the time the plaintiff consulted the second attorney, the defendant attorney's negligence would not have been the proximate cause of the damage to the plaintiff, because the plaintiff still could have recovered fully through the second attorney.

*Togstad* is distinguishable from the present case; if the statute had not run in *Togstad,* the plaintiff still could have recovered fully on her medical malpractice claim. In contrast, Gislason's failure to include Poplinski in the original lawsuit may have affected Poplinski's potential for full recovery even though the statute had not yet expired, because the original lawsuit depleted almost all of the readily available insurance funds. Minnesota recognizes the importance of making funds available for motor vehicle accident victims, as indicated by the state's requirement that all drivers carry both liability and no-fault insurance as a prerequisite to driving.

It is true that Poplinski could still have filed suit directly against the other driver himself, rather than against the other driver's insurer, before the statute expired. There was no showing that the other driver was judgment-proof or insolvent. However, the ready availability of the fund of insurance coverage is a distinct advantage

to a claimant (as evidenced by our mandatory insurance legislation), and Gislason's failure to accord Poplinski the same access to that fund as he did his other clients is a sufficient showing of damage to survive a motion for summary judgment.

## DECISION

The trial court improperly granted Gislason's motion for summary judgment. The issues of negligence and proximate cause were factual determinations which should be decided by a jury.

Reversed and remanded.