FRIESENS, INC., et al., Appellants,

v.

Arnold LARSON, Donovan, McCarthy, Crassweller, Larson & Magie, P.A., James Balmer, et al., Respondents.

No. C7–88–1891.

Court of Appeals of Minnesota.

April 18, 1989.

Review Granted June 21, 1989.

Arnold W. Larson, James T. Prest, Duluth, for Arnold Larson.

Robert F. Berger, The Trenti Law Firm, Virginia, for Donovan, McCarthy, Crassweller, Larson & Magie, P.A.

John D. Kelly, Hanft, Fride, O'Brien, Harries, Swelbar & Burns, P.A., Duluth, for James Balmer, et al.

Heard, considered and decided by SHORT, P.J., and NIERENGARTEN and NORTON, JJ.

## OPINION

NORTON, Judge.

This appeal is from a grant of partial summary judgment pursuant to Minn.R. Civ.P. 54.02, in a legal malpractice action. Appellants allege that respondent law firm's negligence in failing to properly defend a claim was a cause of appellants' damages. Appellants claim the trial court erred in granting summary judgment in favor of respondent. We reverse.

## FACTS

In 1976, a fire at a fur farm resulted in the destruction of 720 mink. The owners sued appellant Friesens, Inc., alleging that the fire was caused by a defective mink feeder manufactured by Friesens. Friesens' insurer, appellant Iowa Mutual Insurance co. (Iowa Mutual), retained respondent Donovan, McCarthy, Crassweller, Larson & Magie, P.A. ("Donovan") in 1979 to defend Friesens. Arnold Larson accepted the case for the firm. Larson left Donovan's to become a sole practitioner on December 31, 1982. Larson received permission from Iowa Mutual to take the file and to continue representing Friesens.

In October 1983, Iowa Mutual rejected a settlement offer for $50,000. Iowa Mutual's claims manager stated that he had not been sufficiently informed about his case to evaluate the offer. A second possible settlement offer for $35,000 was rejected for similar reasons in 1984. Trial was initially anticipated in 1980, and was ultimately scheduled for May 6, 1985.

Dudley R. Younkin, Green, Merrigan, Johnson & Quayle, Minneapolis, for Friesens, Inc., et al.

On May 3, 1985, Iowa Mutual terminated Larson's services and hired Falsani, Balmer, Berglund & Merritt ("Falsani") to defend the case. Trial was continued until May 28, 1985. The trial court directed a verdict against Friesens in the amount of $160,000. The court also ordered pre-judgment interest in the amount of $129,132. Appellants ultimately settled the claim for $195,000. The trial court stated that Friesens failed to produce any evidence on valuation of the mink, and only very weak testimony on the issue of causation.

On January 12, 1988, appellants brought suit for legal malpractice against Arnold Larson, the Donovan firm, James Balmer and the Falsani firm. Donovan moved for summary judgment on March 7, 1988. The trial court granted the motion, dismissing Donovan from the malpractice action. The trial court stated in its memorandum that regardless of any lack of supervision on the Donovan firm's part, the firm had no control over the file after 1982.

### ISSUE

Did the trial court err in granting summary judgment?

### ANALYSIS

■ Summary judgment will be affirmed on appeal if there is no genuine issue of material fact and the trial court did not err in its application of the law. *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979); Minn.R.Civ.P. 56.03. If any doubt exists as to the existence of a genuine issue of material fact, the doubt must be resolved in favor of finding that a fact issue exists. *Rathbun v. W.T. Grant Co.,* 300 Minn. 223, 230, 219 N.W.2d 641, 646 (1974).

To prevail on their claim of legal malpractice under Minnesota law, appellants must establish four elements: (1) the existence of an attorney-client relationship; (2) acts constituting negligence; (3) that such acts were the proximate cause of appellants' damages; and (4) that but for such negligence, appellants would have been successful in the defense of the action. *See Togstad v. Vesely, Otto, Miller &*

*Keefe,* 291 N.W.2d 686, 692 (Minn.1980). Failure of proof on any one element defeats recovery. *Godbout v. Norton,* 262 N.W.2d 374, 376 (Minn.1977), *cert. denied,* 437 U.S. 901, 98 S.Ct. 3086, 57 L.Ed.2d 1131 (1978). The parties here do not dispute the existence of an attorney-client relationship. Appellants allege that Donovan was negligent in its handling of the case and that Donovan's negligence was a direct cause of their damage. Respondent contends that any negligence on Donovan's part was not the cause of appellants' eventual damages.

The trial court did not address the issue of Donovan's alleged negligence. Donovan represented appellants from June 1979—December 1982. Appellants claim that Donovan did nothing of substance to defend the claim against Friesens. Donovan did not take depositions, interview witnesses, or obtain experts. Interrogatories served by Donovan in January 1981 were unanswered until February 1984. When Larson departed from the firm in 1982, Donovan did not review the file with appellants or advise them as to its status. Appellants' expert stated by affidavit that, in his opinion, Donovan's neglect of the file fell below the standard of care required of attorneys in Minnesota. Based on this affidavit and the underlying facts, appellants have raised a genuine issue as to Donovan's negligence.

In addition to negligence, however, appellants must also show causation in order to establish legal malpractice. The issue of causation is generally a fact question that must be left to the jury. *See Jonathan v. Kvaal,* 403 N.W.2d 256, 260 (Minn.Ct.App. 1987), *pet. for rev. denied* (Minn. May 20, 1987). Under circumstances where different minds can reasonably arrive at only one result, however, causation becomes a question of law. *Lyons v. SCNEI, Inc.,* 262 N.W.2d 169, 170 (Minn.1978). Summary judgment is proper in a legal malpractice action where the facts are undisputed and appellants fail to establish a prima facie case. *Paoletti v. Zlimen,* 396 N.W.2d 893, 896 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Feb. 13, 1987). Where a genuine issue of causation exists, however, sum-

mary judgment is not proper. *Poplinski v. Gislason,* 397 N.W.2d 412, 416 (Minn.Ct. App.1986), *pet. for rev. denied* (Minn. Feb. 18, 1987). In *Poplinski,* we stated that the attorney's negligence may have affected the client's potential for full recovery. *Id.* at 415. We held that the issues of negligence and proximate cause were factual determinations which should be decided by a jury. *Id.* at 416. *See also Oakes & Kanatz v. Schmidt,* 391 N.W.2d 51, 54 (Minn.Ct.App.1986) (summary judgment improper where issues of fact, including causation, exist).

Donovan argues that summary judgment is proper when appellant fails to prove all the elements of legal malpractice. In *Poplinski,* however, we reversed summary judgment on the basis of causation where only two of the four malpractice elements were addressed.

The trial court apparently found no causation between Donovan's alleged negligence and appellants' damages. We believe, however, that genuine issues of material fact exist as to Donovan's role in appellants' harm. Had Donovan actively investigated and supervised the file, necessary work would have been done before the settlement offers were made. Two of Iowa Mutual's claims managers stated that they would have accepted the settlement offer if they had been better informed about the merits of the case. The first settlement offer came approximately eight months after Larson left the firm. While we cannot discount Larson's own neglect of the case, we believe that Donovan's alleged neglect in 1979–1982 contributed to the failure to settle. Appellants' expert stated by affidavit that, in his opinion, Donovan's negligence was a direct cause of appellants' failure to settle on favorable terms. This expert further stated that it may not have been possible to as effectively defend the case after January 1983, as it would have been during the time Donovan's had the case, because of opportunities lost during those years. Additionally, the expert stated that it was necessary to discover the relationship between Donovan and Larson, and the factors surrounding Larson's de-

parture, in order to ascertain Donovan's full liability.

According to an affidavit from appellants' attorney, he has been unable to fully explore the scope of Donovan's liability because of limited discovery. Falsani had less than a month to prepare this case prior to trial in 1985. At the time the summary judgment motion was heard, Younkin had not yet received responses to his interrogatories or requests for production of documents designed to explore Donovan's office procedures.

Donovan's expert stated by affidavit that, in his opinion, the time from January 1, 1983—May 28, 1983 was adequate for any lawyer to prepare for trial even if no preparation was done before January 1, 1983.

We believe that the experts' conflicting affidavits raise genuine issues of material fact as to causation between Donovan's actions and appellants' damages.

There are unanswered questions as to Donovan's handling of the case, the effect of Donovan's actions on Larson's subsequent ability to prepare the case, and possible opportunities lost due to Donovan's three and one-half year failure to actively defend the case. In light of appellants' affidavits alleging both negligence and causation, and absent sufficient discovery to clearly exonerate Donovan, we cannot agree that Donovan should be dismissed from the case on summary judgment.

■ Donovan next argues that subsequent handling of the case by two attorneys after Donovan's involvement was an intervening cause of appellants' damages, insulating Donovan from liability. The elements of an intervening cause are:

(1) its harmful effects must have occurred after the original negligence;

(2) it must not have been brought about by the original negligence;

(3) it must actively work to bring about a result which would not otherwise have followed from the original negligence; and

(4) it must not have been reasonably foreseeable by the original wrongdoer.

*Sandhofer v. Abbott–Northwestern Hospital,* 283 N.W.2d 362, 368 n. 2 (Minn.1979) (citing *Kroeger v. Lee,* 270 Minn. 75, 78, 132 N.W.2d 727, 729 (1965)). Generally, if reasonable minds could differ, intervening cause is an issue for the jury. *See Regan v. Stromberg,* 285 N.W.2d 97, 100 (Minn. 1979) (since reasonable minds could differ on factors affecting foreseeability, issue of superseding cause was for jury).

We believe there are genuine issues of material fact as to whether appellants' harm was brought about by Donovan's actions, whether Donovan's alleged negligence could have had the same adverse effect even without the negligence of subsequent attorneys, and whether subsequent mishandling of the case was reasonably foreseeable to Donovan. Because reasonable minds could differ on these questions, summary judgment is improper.

### DECISION

We conclude that appellants have raised sufficient issues of material fact regarding Donovan's alleged negligence and the effect of Donovan's actions to defeat a motion for summary judgment.

Reversed and remanded.

SHORT, Judge (dissenting).

I respectfully dissent. The issue in this case is one of causation, not negligence. Even assuming negligent supervision, the Donovan law firm had no control over attorney Larson or the file after December 31, 1982. With Iowa Mutual's consent and approval, attorney Larson was the only lawyer handling their litigation from January 1, 1983 until the date of trial, some two and one-half years later. Thus, any negligence on the part of the law firm in supervising attorney Larson prior to 1983 was too remote to cause Iowa Mutual's damages.

The affidavit of appellants' expert raises mere possibilities concerning the ability to prepare an effective defense. The expert opines that certain events prior to 1983 may have affected the trial preparations. However, the expert fails to state that pre–1983 incidents caused Iowa Mutual's damages. Opinion testimony regarding "possibilities" does not rise to the level of admissible facts based on personal knowledge as required by the plain language and policy of Minn.R.Civ.P. 56.05. To defeat a summary judgment motion, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed. 2d 265 (1986). Appellants have failed to offer competent evidence causally linking the Donovan firm to their damages.

In responding to a motion for summary judgment, appellants cannot rely upon surmise and speculation by their expert as to what could be presented at trial. They failed to make a showing sufficient to establish the existence of an element essential to their legal malpractice case. *See Paoletti v. Zlimen,* 396 N.W.2d 893, 896 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Feb. 13, 1987). Since there were no disputed fact issues regarding causation, the trial court properly granted summary judgment in favor of respondent Donovan law firm.