RAY v ORGANIZATION OF SCHOOL ADMINISTRATORS AND
SUPERVISORS, LOCAL 28, AFL-CIO

Docket No. 77241. Submitted January 17, 1985, at Detroit.—Decided
April 1, 1985.

> Plaintiff, James A. Ray, Sr., a teacher at Detroit's Cass Technical
> High School, felt that he should be entitled to compensatory
> time for his long hours of work and filed a grievance against
> his employer. He also claimed that the employer unilaterally
> changed his working conditions. Defendant, Organization of
> School Administrators and Supervisors, Local 28, AFL-CIO, the
> plaintiff's union, represented plaintiff through the first three
> steps of the grievance procedure. Plaintiff failed to appear at
> the hearings required under the fourth step of the grievance
> procedure and defendant discontinued representing plaintiff.
> While the original grievance was pending, plaintiff was repri-
> manded for his failure to follow orders at work. Defendant filed
> a grievance on behalf of plaintiff regarding this reprimand, but
> plaintiff also failed to appear at the hearing for this grievance.
> On April 17, 1980, the union discontinued representing plaintiff
> in these matters. On September 26, 1980, plaintiff filed a
> charge against the union with the Equal Employment Opportu-
> nity Commission. On November 6, 1980, the parties signed a
> settlement agreement which included a non-admissions clause.
> On May 15, 1981, plaintiff filed a complaint against the defen-
> dant in the Wayne Circuit Court. Plaintiff alleged that the
> defendant breached its duty of fair representation by withdraw-
> ing his grievance on April 17, 1980. On March 1, 1984, the trial
> court, Charles Kaufman, J., granted defendant's motion for
> summary judgment on the ground that plaintiff's claim was
> barred by a six-month period of limitations. The court also
> found that the limitations period was not tolled by the filing of
> the EEOC charge. Plaintiff appeals. *Held:*

REFERENCES FOR POINTS IN HEADNOTES

[1] 48 Am Jur 2d, Labor and Labor Relations § 405.
[2] 2 Am Jur 2d, Administrative Law §§ 321-323.
   51 Am Jur 2d, Limitation of Actions §§ 170-174.

1. The trial court properly applied the six-month period of limitations found in MCL 423.216(a).

2. The trial court properly found that the limitations period was not tolled by the filing of the EEOC charge.

Affirmed.

1. LIMITATION OF ACTIONS — PUBLIC EMPLOYEES — UNFAIR REPRESENTATION.

The period of limitation within which a public employee may bring a claim against his union alleging unfair representation is six months (MCL 423.216; MSA 17.455[16][a]).

2. LIMITATION OF ACTIONS — ADMINISTRATIVE REMEDIES — CIVIL REMEDIES.

The statute of limitations applicable to a state civil action is not tolled by a prior action seeking administrative relief for the same transaction.

*Barbara Wynder-Lytle,* for plaintiff.

*Miller, Cohen, Martens & Sugerman, P.C.* (by *Donald F. Sugerman* and *Richard Rosenblatt),* for defendant.

Before: T. M. BURNS, P.J., and V. J. BRENNAN and W. A. PORTER,* JJ.

PER CURIAM. Plaintiff, the head apprentice teacher at Detroit's Cass Technical High School, felt that he should be entitled to compensatory time for his long hours of work and filed a grievance against his employer. He also claimed that the employer unilaterally changed his working conditions. Defendant, plaintiff's union, represented plaintiff through the first three steps of the grievance procedure. Plaintiff failed to appear at the hearings required under the fourth step of the grievance procedure and defendant discontinued representing plaintiff. While the original grievance

---

* Circuit judge, sitting on the Court of Appeals by assignment.

was pending, plaintiff was reprimanded for his failure to follow orders at work. Defendant filed a grievance on behalf of plaintiff regarding this reprimand, but plaintiff also failed to appear at the hearing for this grievance. On April 17, 1980, the union discontinued representing plaintiff in these matters. On September 26, 1980, plaintiff filed a charge against the union with the Equal Employment Opportunity Commission. On November 6, 1980, the parties signed a settlement agreement which included a non-admissions clause. On May 15, 1981, plaintiff filed a complaint against the union in the circuit court. Plaintiff alleged that the union breached its duty of fair representation by withdrawing his grievance on April 17, 1980.

Defendant filed a motion for summary judgment. On March 1, 1984, the circuit court granted defendant's motion for summary judgment on the ground that plaintiff's claim was barred by a six-month period of limitations. MCL 423.216(a); MSA 17.455(16)(a). The circuit court also found that the limitations period was not tolled by the filing of the EEOC charge. In *Romero v Paragon Steel Division, Portec, Inc (On Remand),* 129 Mich App 566, 572-573; 341 NW2d 546 (1983), *lv den* 419 Mich 861 (1984), this Court considered a similar issue involving an unfair representation claim in the private sector and stated:

"The result reached by the *Badon* court *[Badon v General Motors Corp,* 679 F2d 93 (CA 6, 1982)],* that the § 10(b) six-month period of limitation governs, was very recently reached by the United States Supreme Court in *Del Costello v International Brotherhood of Teamsters,* 462 US 151; 103 S Ct 2281; 76 L Ed 2d 476 (1983), where the Court addressed the question of what statute of limitations should be applied to hybrid § 301—unfair

representations claims. In recalling its holding in *[United Parcel Service, Inc v Mitchell,* 451 US 56; 101 S Ct 1559; 67 L Ed 2d 732 (1981)]*, that the appropriate *state* statute of limitations should apply to a § 301 suit brought by an employee against an employer, the Court noted that in *Mitchell* it did not address the contention that in suits of this kind the federal court should 'borrow' the federal six-month limitation period contained in § 10(b). After addressing that question in *Del Costello,* the Supreme Court departed from its holding in *Mitchell* finding that 'state limitations periods for vacating arbitration awards fail to provide an aggrieved employee with a satisfactory opportunity to vindicate his rights under § 301 and the fair representation doctrine'. *Del Costello, supra,* p 166. The Court then concluded that the six-month period of limitation, contained in § 10(b) of the National Labor Relations Act, 29 USC 160(b), governs claims against both the employer and the union.

"We find the reasoning and the result reached by the courts in *Del Costello* and *Badon* to be sound and we, therefore, adopt it and apply it to this case." (Footnote omitted; emphasis in original.)

Likewise, we find the result reached by the courts in *DelCostello* and *Badon* to be sound. The circuit court therefore properly applied the six-month period of limitations found in MCL 423.216(a); MSA 17.455(16)(a).

Plaintiff next argues that if the statute should be construed as a statute of limitations, the limitations period was tolled by the filing of the EEOC charge. Michigan courts have held that a state civil action is not tolled by a prior action seeking administrative relief for the same transaction. *Mair v Consumers Power Co,* 419 Mich 74; 348 NW2d 256 (1984); *Washington v Chrysler Corp,* 68 Mich 374; 242 NW2d 781 (1976).

Affirmed.