James H. MARSHALL, et al., Plaintiffs,

v.

LOCAL UNION NO. 6, etc., Defendant.

No. 88–1381 C (1).

United States District Court,
E.D. Missouri.

Jan. 2, 1991.

On Motions to Alter or Amend and
For Judgment NOV Feb. 4, 1991.

Louis Gilden, Norah J. Ryan, St. Louis, Mo., for plaintiffs.

Arthur Martin, Schuchat, Cook & Werner, St. Louis, Mo., for Local No. 6.

## MEMORANDUM

DAVID D. NOCE, United States Magistrate Judge.

This action is before the Court for the entry of judgment following a jury trial. The action was tried to a jury and to the undersigned United States Magistrate by consent of the parties pursuant to 28 U.S.C. § 636(c)(3).

Plaintiffs James H. Marshall, II, and four other persons brought this class action on behalf of all employee members of Brewers and Malters and General Labor Departments, Local No. 6 ("Local No. 6"), who were employed as yeast plant workers in the St. Louis Yeast Plant of Anheuser–Busch when the suit was commenced. Plaintiffs originally alleged that defendant Local No. 6, the International Brotherhood of Teamsters ("international union"), with whom Local No. 6 is affiliated, and several corporations affiliated with the Anheuser–Busch ("A–B") companies, violated their rights with respect to the dovetailing of their seniority with the seniority of brewery plant employees of A–B, who are also represented by Local No. 6, in anticipation of the closing of the yeast plant. Plaintiffs invoked collective bargaining agreements, the duty of fair representation, the local and international union constitutions, and 29 U.S.C. §§ 185 and 411.

On December 11, 1989, the District Judge granted the motion of Local No. 6 and the international union for summary judgment, deciding that plaintiffs' rights were not violated when they were not allowed to vote on a seniority dovetailing amendment to the brewery plant workers' collective bargaining agreement. The Court held that plaintiffs had no right to vote on a collective bargaining agreement to which their collective bargaining unit was not a party. At that time the interna-

tional union was dismissed as a party to the suit.

On April 11, 1990, the District Judge granted summary judgment to all the employer defendants and to Local No. 6 with respect to the alleged violations of the relevant collective bargaining agreement. The Court determined that two issues remained in the case: (1) whether Local No. 6 violated plaintiffs' voting rights with respect to the adoption of a memorandum of understanding between the local and one of the A–B defendants, and (2) whether the local union violated its duty of fair representation.

The action was tried from November 19 to 21, 1990. At the close of all the evidence, the Court sustained the motion of Local No. 6 for directed verdicts as to the plaintiffs' claims (1) that the local union violated plaintiffs' rights by not allowing them to vote on the proposed amendment to the brewers' agreement regarding seniority dovetailing on February 11, 1988; (2) that the local union failed to submit the seniority dovetailing issue to the plaintiffs on their own collective bargaining agreement; and (3) that the local union violated its duty of fair representation by not submitting plaintiff Marshall's grievance to the employer.

The sole issue submitted to the jury was whether or not defendant Local No. 6 violated federal labor law in the manner in which it presented the Memorandum of Understanding to its yeast plant members for a vote on June 15, 1987. The jury answered the special interrogatory in the affirmative.

Plaintiffs now request that the Court enter judgment as follows:

> Upon the return of the verdict of the jury submitted to the jury by special interrogatory, the Court issues its judgment and decree finding and declaring that the defendant Local Union No. 6 presented the Memorandum of Understanding to its yeast plant members for a vote on June 15, 1987 in a manner which violated federal labor law, the Bill of Rights provision of the Labor Management Reporting and Disclosure Act as well as the breach of the duty of fair representation under the Labor Management Relations Act.

Plaintiff Class Proposed Judgment, filed December 3, 1990. Plaintiffs also seek post-trial hearings for the determination of monetary damages against Local No. 6 for each member of the class, resulting from the above-quoted declaratory judgment, and the award of attorney's fees.

■ The Court believes that plaintiffs are entitled to a declaration of rights as set forth above, which is consistent with the finding of the jury. Plaintiffs have submitted to the Court, sitting without a jury, the issue of whether or not they are entitled to monetary damages resulting from the jury's finding. In deciding this issue, the Court must and has considered the trial evidence in the light favorable to the plaintiffs, so to give effect to the jury's finding.

The undisputed evidence establishes that plaintiffs have suffered no monetary damages as a result of the facts found by the jury. In 1987, Anheuser–Busch operated, among other facilities, a yeast plant and a brewery plant. Anheuser–Busch assigned employees to either the yeast plant or the brewery plant after hiring. The yeast plant and the brewery plant were operated by employees who belonged to different collective bargaining units. Each unit was governed by a separate collective bargaining agreement with A–B and its members generally had seniority dates relating only to their employment in the respective plant. Each unit, nevertheless, was represented by Local No. 6.

In April, 1987, a rumor circulated that A–B was going to close the yeast plant, putting its approximately 65 employees out of work. When the decision to close the yeast plant became firm, A–B initially took the position that the yeast plant employees had no right to employment at the brewery. By June 15, 1987, James Babb, the Secretary–Treasurer of Local No. 6, who had a brewery plant seniority date, negotiated a Memorandum of Understanding agreement with A–B that, when the yeast plant closed, the yeast plant workers would qualify as new hires (with new seniority dates) at the

brewery plant, subject to tests, physical examinations, and a review of their past employment. The Memorandum of Understanding also provided that no yeast worker could grieve the failure of A–B to hire him as a brewery worker, except for arbitrariness.

On June 15, 1987, at two meetings, Babb presented the Memorandum of Understanding to a ratification vote of yeast worker members of Local No. 6. The importance of these meetings and their specific purpose was not publicized before the meetings. When the issues were presented at the meetings, the members became very argumentative. The meetings became tumultuous. Nevertheless, by disputed voice votes Babb declared that the ratification of the Memorandum of Understanding was adopted. The Memorandum of Understanding was officially signed by Babb for the local union on June 30, 1987.

In August, 1987, A–B and Local No. 6 began negotiating over the national collective bargaining agreement.

For the year after June 15, 1987, the yeast plant workers were very unhappy and anxious about their jobs. A–B moderated its position and decided it would approve dovetailing the seniority of the yeast plant workers with that of the brewery plant workers, if both groups of employees agreed to it. In February, 1988, Local No. 6 put two issues before the brewery workers for separate votes: whether or not the proposed national collective bargaining agreement then negotiated should be ratified and whether or not the yeast plant workers seniority should be dovetailed with theirs. The Executive Board of Local No. 6 had adopted the position that seniority dovetailing should be approved, even though it would prejudice the employment rights of some brewery workers. Plaintiff Marshall and another yeast plant worker were allowed to be present in the brewery to try to persuade the approximately 800 brewery workers to agree to dovetailing. On February 11, 1988, the brewers voted down both the national agreement and the dovetailing proposition. Plaintiff Marshall filed a grievance with Local No. 6 and the

international contesting the actions of the local.

In early 1988, plaintiff Marshall drafted another Memorandum of Understanding proposal on dovetailing. After several sessions of meetings between A–B and Local No. 6, A–B agreed to the new proposal. The agreed proposal cancelled the Memorandum of Understanding of June 30, 1987, and provided that, after the yeast plant closed, yeast workers could transfer to the brewery without having to take a physical examination, to submit to other testing, or to have their past employment reviewed; and that all such transferees would receive July 29, 1986, as their new seniority date. Under this agreement, all the yeast workers would remain employed with A–B after the yeast plant closed. On June 17, 1988, the brewery workers ratified this Memorandum of Understanding. On June 24, 1988, by secret ballot the yeast plant workers also approved it. Up to this time, the yeast plant had not closed and the June 30, 1987, Memorandum of Understanding was never applied to any yeast plant employee. The yeast plant ultimately closed in mid–1990 and all yeast plant employees transferred to the brewery under the June, 1988 Memorandum of Understanding.

■ As set forth above, the jury found that Local No. 6 violated its duty of fair representation and § 101(a) of the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 411(a), in the manner in which it presented the Memorandum of Understanding to the yeast plant workers on June 15, 1987. Plaintiffs are entitled to "such relief (including injunctions) as may be appropriate." 29 U.S.C. § 412. Plaintiffs seek to recover the economic losses suffered by them, due to their reduced seniority rights, as a result of the actions of Local No. 6.

Plaintiffs are not entitled to monetary damages for reduced seniority. The evidence was unequivocal that no yeast plant worker suffered any monetary or wage loss as a result of Local No. 6's actions in June, 1987. With the June, 1988 ratification of the new Memorandum of Understanding, proposed by plaintiff Mar-

shall, the June 30, 1987, Memorandum document was no longer effective. All transfers to the brewery due to the yeast plant closing in 1990 were under the new Memorandum, which had been ratified by the yeast plant workers. It is entirely speculative for the plaintiffs to argue that, had Local No. 6 acted lawfully in June, 1987, they would have had better seniority rights than July 29, 1986, in 1990 when the yeast plant closed. For this reason, the Court will enter a declaratory judgment only and will not award monetary damages.

 Plaintiffs seek a reasonable attorney's fee. It is within the equitable power of the federal courts and within the meaning of the language of 29 U.S.C. § 412, quoted above, to award such a fee. *Vandeventer v. Local Union No. 513*, 579 F.2d 1373, 1380 (8th Cir.1978) (fee claim to be considered under the principles of *Hall v. Cole*, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973)), *cert. denied*, 439 U.S. 984, 99 S.Ct. 576, 58 L.Ed.2d 656 (1978). Plaintiffs, within twenty days, may file a motion for the post-judgment award of a reasonable attorney's fee. The motion should be supported by a written affidavit of counsel setting out the components of his claimed hours expended and rate. Supporting documents (e.g., time sheets), which do not contain privileged information, should be made available to defendant's counsel for examination. Defendant Local No. 6 shall respond to the motion within ten days.

Judgment is herewith entered accordingly.

### JUDGMENT

This action was tried to the Court sitting with a jury, the undersigned United States Magistrate Judge presiding with consent of the parties under 28 U.S.C. § 636(c)(3). The jury having rendered its findings and the Court having issued its orders,

IT IS HEREBY ADJUDGED AND DECLARED that defendant Local Union No. 6 presented the Memorandum of Understanding to its yeast plant members for a vote on June 15, 1987, in a manner which violated federal labor law, the Bill of Rights provision of the Labor Management Reporting and Disclosure Act and the duty of fair representation under the Labor Management Relations Act.

IT IS FURTHER ORDERED that the plaintiffs shall recover from defendant Local No. 6 no monetary damages and no injunctive relief, but may recover a reasonable attorney's fee. Otherwise, each party shall pay his and its own costs of the action.

### ON MOTIONS TO ALTER OR AMEND AND FOR JUDGMENT NOV

The plaintiff class has moved to alter or amend the declaratory judgment entered in their favor on January 2, 1991, and defendant Local Union No. 6 has moved for judgment notwithstanding the jury verdict or for a new trial. The facts relevant to both motions are set out in the Memorandum opinion which the Court filed on January 2, 1991, in support of its judgment. Both motions will be denied.

In this action the plaintiffs, the class of yeast plant workers at an Anheuser–Busch Company subsidiary, claimed, among other law violations, that defendant Local Union No. 6 violated its duty of fair representation and § 101(a) of the Labor–Management Reporting and Disclosure Act, 29 U.S.C. § 411(a) ("LMDRA"), when it preferred the interests of its more numerous brewery plant members over those of its yeast plant members, in the manner in which it presented a Memorandum of Understanding agreement to its yeast plant members for a vote on June 15, 1987. At issue was how the employment and the seniority of the yeast plant workers was to be protected when the yeast plant was to be closed thereafter.

The jury agreed with plaintiffs' claim that the local union violated plaintiffs' rights and the Court entered a declaratory judgment. Plaintiffs argue in their instant motion that they should now be allowed to present evidence of the monetary damages each class member suffered due to their subsequently reduced seniority. More specifically, plaintiffs claim they are entitled to the wages and other employment bene-

fits they lost when they were required to transfer into the brewery with reduced seniority dates.

■ Plaintiffs are entitled to compensatory damages which flow from the local union's unlawful conduct. *E.g., Richardson v. Communications Workers of America*, 486 F.2d 801, 806 (8th Cir.1973). The yeast plant workers did not suffer any economic loss which was reasonably related to the local union's actions concerning the June 15, 1987, yeast workers' vote. The undisputed trial evidence showed, and the plaintiffs do not dispute, that no change in any yeast plant worker's seniority occurred until after the yeast plant closed in mid–1990 and the yeast plant workers transferred to the brewery plant with a seniority date of July 29, 1986. It is also undisputed that the July 29, 1986, seniority date substantially diminished many yeast plant workers' seniority, with resulting economic losses. However, the July 29 seniority date was agreed to by a secret ballot vote of the plaintiff yeast plant workers on June 24, 1988. The brewery plant workers had approved it on June 17, 1988. The June 24, 1988 ratification vote was an intervening event which eliminated the June 15, 1987 actions of the local union as a legally sufficient cause of plaintiffs' lost wages damages.

Plaintiffs argue that, had the local union acted lawfully on June 15, 1987, the July 29, 1986 seniority date would not have been established. This argument requires extreme speculation about what different intra-union and labor-management activities would have occurred between June 15, 1987, and the time when the yeast plant closed in mid–1990. Such speculation that the plaintiffs' original or any other seniority date would have been enforced is an insufficient basis for any finding that a yeast plant worker suffered any specific amount of lost wages.

■ In support of its motion for post-judgment relief, the defendant local union argues that the declaratory judgment entered against it is barred by the statute of limitations. This action was commenced on July 19, 1988. The statute of limitations period was tolled while plaintiffs exhausted their intra-union grievance remedies. *Stafford v. Ford Motor Company*, 835 F.2d 1227, 1232–33 (8th Cir.1987); *cf., Dunleavy v. Local 1617, United Steelworkers of America*, 814 F.2d 1087 (6th Cir.1987). The only grievance procedure instituted by plaintiffs was begun after February 11, 1988, and was concluded after this action was commenced.

■ Defendant argues that the applicable limitations period is the six months provided by 29 U.S.C. § 160(b). *Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 170, 103 S.Ct. 2281, 2293, 76 L.Ed.2d 476 (1983). The Court disagrees. This action is governed by the five year limitation period provided by Missouri law for personal injury litigation. § 516.120 R.S.Mo. In *Reed v. United Transportation Union*, 488 U.S. 319, 109 S.Ct. 621, 102 L.Ed.2d 665 (1989), the Supreme Court held that claims brought under 29 U.S.C. § 411(a)(2) are governed by the applicable state's general or residual personal injury statute. 109 S.Ct. *at* 625. Reed alleged that his union failed to compensate him for performing his union duties because he had been critical of his local president. The Court held that this § 411(a)(2) claim was analogous to a First Amendment claim brought under 42 U.S.C. § 1983 for which the local state personal injury statute of limitations is to be applied. An important factor was the fact that Reed's claim did not at all affect the stability of the collective bargaining relationship between his union and his employer. *Id.,* at 626–29.

Plaintiffs' claim in the case at bar related only indirectly to the collective bargaining relationship between the defendant local and the employer. The stability of this relationship was not affected in any substantial way by plaintiffs' dispute with the local. The employer ultimately deferred to the local union the resolution of whether the yeast plant workers' seniority date would be dovetailed with those of the brewery plant workers. Plaintiffs' claim was entirely intra-union dispute; at stake was the stability of the relationship between the

yeast workers unit of the local and the brewery workers unit of the same local. In this light, plaintiffs' claim strongly implicated their entitlement to freedom of speech and their right to an opportunity to democratically affect the decisions of their union. Thus, the Missouri personal injury statute of limitations must be applied in this case. *Clift v. International Union, United Automobile, Aerospace & Agricultural Implement Workers of America,* 881 F.2d 408 (7th Cir.1989); *Allgood v. Elyria United Methodist Home,* 904 F.2d 373, 377–78 (6th Cir.1990).

Defendant's invocation of the holding of Eighth Circuit Court of Appeals in *DeSantiago v. Laborers International Union of North America,* 914 F.2d 125, 130 (8th Cir.1990), that the six month period of limitations applied to that action, is to no avail. In that case the local union was alleged, among other claims, to have intentionally interfered with the plaintiffs' employment contract with the employer. The Court held that plaintiffs' claims, originally brought in state court and removed to the federal district court, were preempted by 29 U.S.C. § 301. These circumstances are not analogous to the instant case.

Defendant's final argument that plaintiffs' failed to prove more than a technical violation of the LMDRA is not persuasive. The evidence was sufficient to establish that the local's secretary-treasurer, who conducted the June 15, 1987, meeting was more interested in protecting the seniority rights of the more numerous brewery workers than those of the yeast plant workers.

For these reasons, the post-judgment motions of the parties will be denied.